UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ANGELA MAYES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-165 |
| | ) | (JORDAN/SHIRLEY) |
| JO ANNE B. BARNHART, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for a report and recommendation regarding disposition by the District Court of Plaintiff Angela Mayes's motion for an award of attorneys' fees in the amount of $1560.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). [Doc. 19].

On January 4, 2007, United States District Judge Leon Jordan entered an order granting plaintiff's motion for summary judgment [Doc. 12] to the extent it sought to remand remand pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 17].

Four conditions must be met before an attorney is entitled to EAJA attorneys' fees:

    1. The plaintiff must be a prevailing party;

    2. The government's position must be without substantial justification;

> 3. No special circumstances warranting denial of fees may exist;
>
> 4. The application for attorney's fees must be filed within 30 days of the final judgment in the action.

28 U.S.C. § 2412(d)(1). The plaintiff obtained a "sentence four" remand in this case which, for purposes of EAJA fees, renders him a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991). The proper "substantial justification" standard in EAJA cases is "whether the Government's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989). On January 24, 2007, the Commissioner and Plaintiff filed a Joint Stipulation regarding Plaintiff's petition for attorney's fees under the EAJA. [Doc. 20]. In the Joint Stipulation, the Commissioner concedes, by agreeing Plaintiff is entitled to attorney's fees under the EAJA, that the position of the government in this matter was not substantially justified. [Doc. 20]. Furthermore, I am not aware of, and have not been cited to, any "special circumstances" that would otherwise make an award of attorneys' fees unjust, and plaintiff's petition has been timely filed.

Plaintiff motion [Doc. 19] sought a total fee in the amount of $1,560.00. In the Joint Stipulation, however, Plaintiff agreed that her petition for fees should be dismissed, and that she is entitled to $1,300.00, the agreed upon amount. [Doc. 20, ¶¶ 1, 4].

Based upon the foregoing, it is hereby **RECOMMENDED** that Plaintiff's motion for attorney's fees and costs **[Doc. 19]** be **DENIED as moot**. The Joint Stipulation **[Doc. 20]** should be **APPROVED**, awarding Plaintiff $1,300 in fees under the EAJA.[1]

Respectfully submitted,

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).